1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9

JOSHUA AARON KERSHAW,                    CV F   06-1180 OWW DLB HC

10                    Petitioner,         ORDER DIRECTING RESPONDENT TO
                                          SUBMIT RESPONSIVE PLEADING
11       v.
                                          ORDER SETTING BRIEFING SCHEDULE
12
CHARLES HARRISON, Warden,                 ORDER DIRECTING CLERK OF COURT TO
13                                         SERVE ORDER ON ATTORNEY GENERAL
                      Respondent.
14                                    /

15

16       Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant

17  to 28 U.S.C. § 2254.  Petitioner is represented by Conrad Petermann, Esq.

         The Court has conducted a preliminary review of the Petition.  Accordingly, pursuant to
18
Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil
19
Procedure,[1] the Court HEREBY ORDERS:
20
         1.      Respondent SHALL SUBMIT a RESPONSIVE pleading by filing one of the
21
                 following:
22
                 A.      AN ANSWER addressing the merits of the Petition and due within
23
                         **NINETY (90)** days of the *date of service* of this order.  Rule 4, Rules
24
                         Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469,
25

26       _____

             [1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the
27  practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the
    practice of civil actions."  Fed.R.Civ.P. 81(a)(2).  Rule 11 also provides "the Federal Rules of Civil Procedure, to the
28  extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under
    these rules."  Rule 11, Rules Governing Section 2254 Cases.

                                              1

1    1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an

2    Answer.).

3    –    Respondent SHALL INCLUDE with the Answer any and all

4         transcripts or other documents necessary for the resolution of the

5         issues presented in the Petition. Rule 5 of the Rules Governing

6         Section 2254 Cases.

7    –    Any argument by Respondent that Petitioner has *procedurally*

8         *defaulted* a claim(s) SHALL BE MADE in an ANSWER that also

9         addresses the merits of the claims asserted. This is to enable the

10        Court to determine whether Petitioner meets an exception to

11        procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th

12        Cir. 1997) (Procedurally defaulted claims may be reviewed on the

13        merits to serve the ends of justice);  Jones v. Delo, 56 F.3d 878 (8th

14        Cir. 1995) (the answer to the question that it is more likely than not

15        that no reasonable juror fairly considering all the evidence,

16        including the new evidence, would have found Petitioner guilty

17        beyond a reasonable doubt necessarily requires a review of the

18        merits).

19   –    Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from

20        the date Respondent's Answer is filed with the Court.

21   B.   A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of*

22        *service* of this order based on the following grounds:[2]

23        i.    EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss

24

25        [2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that
26   summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or*
     *to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis
27   added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a
     dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney
28   General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th
     Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

2

1    for Petitioner's failure to exhaust state court remedies SHALL

2    INCLUDE copies of all the Petitioner's state court filings and

3    dispositive rulings relevant to the examination of the statute

4    limitations issue as required by Ford v. Hubbard, 330 F.3d 1086

5    (9th Cir. 2003) and  Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

6    ii.    STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A

7    Motion to Dismiss the Petition as filed beyond the one year

8    limitations period SHALL INCLUDE copies of all Petitioner's

9    state court filings and dispositive rulings.

10    iii.    SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A

11    Motion to Dismiss the Petition on the basis of § 2244(b) SHALL

12    include a copy of the previously filed federal Petition and

13    disposition thereof.

14    2.    OPPOSITIONS to Motions to Dismiss SHALL be served and filed within

15    EIGHTEEN (18) days, plus three days for mailing.  All other Oppositions SHALL

16    be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES

17    to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8)

18    days, plus three days for mailing.  Replies to Oppositions to all other Motions

19    SHALL be served and filed within eight (8) days, plus three days for mailing.  If

20    no opposition is filed, all motions are deemed submitted at the expiration of the

21    opposition period.

22    3.    Unless already submitted, both Respondent and Petitioner SHALL COMPLETE

23    and RETURN to the Court along with the Response or Motion to Dismiss, a

24    Consent form indicating whether the party consents or declines to consent to the

25    jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C.

26    § 636(c)(1).

27    4.    RESPONDENT SHALL submit a Notice of Appearance as attorney of record

28    within **SIXTY (60)** days of the date of service of this order for purposes of service

1    of court orders.  <u>See</u>, Local Rule 83-182(a), 5-135(c).

2        5.      The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a

3               copy of the PETITION and any exhibits/attachments, on the Attorney General or

4               his representative.[3]

5        All motions shall be submitted on the record and briefs filed without oral argument unless

6    otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are

7    applicable to this order.

8        IT IS SO ORDERED.

9        **Dated:**   **December 8, 2006**                **/s/ Dennis L. Beck**
     3b142a                                UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[3]If, however, the Petition was filed on January 3, 2005, or thereafter, the Clerk of the Court need not serve a copy of the Petition on the Attorney General or his representative. A scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").